OSCN Found Document:IN RE AMENDMENT OF RULES GOVERNING ADMISSION TO PRACTICE OF LAW

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN RE AMENDMENT OF RULES GOVERNING ADMISSION TO PRACTICE OF LAW
2014 OK 94
Decided: 11/10/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 94, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. 
UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 





In re: Amendment of the Rules Governing Admission to the 
Practice of Law in the State of Oklahoma.
ORDER
¶1 The Rules Governing Admission to the Practice of Law in the State of 
Oklahoma, attached hereto, are hereby amended, effective immediately.
¶2 These rules shall be codified as Rules Governing Admission to the Practice 
of Law in the State of Oklahoma, 5 O.S. Supp. 2014, Ch. 1, App 5. 
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 10th DAY OF NOVEMBER, 
2014.
/S/CHIEF JUSTICE 
COLBERT, C.J., REIF, V.C.J., WATT, COMBS, GURICH, JJ. - CONCUR
KAUGER, WINCHESTER, EDMONDSON, TAYLOR, JJ. - CONCUR IN PART; DISSENT IN 
PART
TAYLOR, J., with whom KAUGER, WINCHESTER, EDMONDSON, JJ. join, CONCURRING 
IN PART, DISSENTING IN PART:
"I dissent to the Amendments to Sections 5 & 6 under Rule 
2."




Rules Governing Admission
to the Practice 
Of Law
in the State of Oklahoma
Adopted and Promulgated by the Supreme Court of Oklahoma in Revised Form on 
the 10th day of November, 2014. 
PREAMBLE
Applicant's Duty Of Candor
Each applicant for admission to the bar has a duty to be candid and to make 
full, careful and accurate responses and disclosures in all phases of the 
application and admission process. Each applicant must respond fully to all 
inquiries. It is not proper for an applicant to give either a highly selective 
or sketchy description of past events reflecting on the applicant's 
qualifications for admission to the bar. An applicant who violates this duty may 
be denied admission to the bar. 
RULE ONE
The Board of Bar Examiners is charged with recommending applicants for 
admission to the practice of law in the State of Oklahoma. The Court is not 
bound by the recommendations of the Board and may take any such action as it 
deems appropriate.
To be admitted to the practice of law in the State of Oklahoma, the 
applicant:
Section 1. shall have good moral character, due respect for the law, and 
fitness to practice law;
Section 2. shall be at least 18 years of age;
Section 3. shall have met all the conditions and requirements hereinafter 
set forth which may be applicable;
Section 4. shall take the following oath and file the same with the Clerk 
of the Supreme Court:
"I do solemnly swear that I will support, protect and defend the Constitution 
of the United States, and the Constitution of the State of Oklahoma; that I will 
do no falsehood, or consent that any be done in court, and if I know of any I 
will give knowledge thereof to the judges of the court, or some one of them, 
that it may be reformed; I will not wittingly, willingly or knowingly promote, 
sue, or procure to be sued, any false or unlawful suit, or give aid or consent 
to the same; I will delay no person for lucre or malice, but will act in the 
office of attorney in all courts according to my best learning and discretion 
with all good fidelity as well to the court as to my client, so help me 
God."
Section 5. shall have signed the Roll of Attorneys; provided, 
however, that if the applicant is unable, by reason of absence, to sign the 
Roll, applicant may grant, in writing, the power of attorney to the 
Administrative Director of the Board of Bar Examiners to sign said Roll of 
Attorneys for applicant.
RULE TWO
Admission Upon Motion
Without Examination
For purposes of this Rule, the term "reciprocal state" shall mean a state 
which grants Oklahoma judges and lawyers the right of admission on motion, 
without the requirement of taking an examination and whose requirements for 
admission are similar to Oklahoma's admission upon motion without examination 
standards.
The following persons, when found by the Board of Bar Examiners to be 
qualified under Section 1 and 2 of Rule One, may be admitted by the Supreme 
Court to the practice of law in the State of Oklahoma upon the recommendation 
and motion of the Board, without examination:
Section 1. Persons who are graduates of an American Bar Association 
approved law school, have been lawfully admitted to practice and are in good 
standing on active status in a reciprocal state, and have engaged in the actual 
and continuous practice of law in a reciprocal state for at least five of the 
seven years immediately preceding application for admission under this Rule. 
The years of practice earned in multiple reciprocal jurisdictions cannot be 
combined. 
For the purposes of this section, "practice of law" shall mean:
a) Private practice as a sole practitioner or for a law firm, legal services 
office, legal clinic or similar entity, provided such practice was subsequent to 
being admitted to the practice of law in the reciprocal jurisdiction in which 
that practice occurred;
b) Practice as an attorney for a corporation, partnership, trust, individual 
or other entity, provided such practice was subsequent to being admitted to the 
practice of law in the reciprocal jurisdiction in which the practice 
occurred and involved the primary duties of furnishing legal counsel, drafting 
legal documents and pleadings, interpreting and giving advice regarding the law, 
or preparing, trying, or presenting cases before courts, executive departments, 
administrative bureaus, or agencies;
c) Practice as an attorney for the federal, state, local government 
(including a territory, district, commonwealth or possession of the United 
States), branch of the armed services, or sovereign Indian nation with the same 
primary duties as described in Section 1(b) above;
d) Employment as a judge, magistrate, referee, or similar official for the 
federal, state, or local government (including a territory, district, 
commonwealth or possession of the United States), provided that such employment 
is available only to attorneys;
e) Full time employment as a teacher of law at a law school approved by the 
American Bar Association; or
f) Any combination of the above.
The period of the "practice of law" as defined above in subparagraphs 
1(a) and through 1(b) (f) shall 
have occurred outside the State of Oklahoma in a reciprocal state. 
Applicants for admission without examination shall furnish such proof of 
practice and licensing as may be required by the Board. No applicant for 
admission without examination under this rule will be admitted if the applicant 
has taken and failed an Oklahoma bar examination without having later passed 
such examination.
An attorney practicing in Oklahoma under a Special Temporary Permit cannot 
later gain admission via Admission Upon Motion if five of the past seven years 
of actual and continuous practice experience were acquired in 
Oklahoma.
Section 2. Applicant shall provide at his or her own expense a report by 
the National Conference of Bar Examiners.
Section 3. Applications must be upon forms prescribed by the Board of Bar 
Examiners.
Section 4. It is the purpose of this rule to grant reciprocity to 
qualified judges and lawyers from other jurisdictions and to secure for Oklahoma 
judges and lawyers like privileges. If the former jurisdiction of the applicant 
does not grant to Oklahoma judges and lawyers the right of admission on motion, 
then this Rule shall not apply and the applicant must, before being admitted to 
practice in Oklahoma, comply with the provisions of Rule Four. If the former 
jurisdiction of the applicant permits the admission of Oklahoma judges and 
lawyers upon motion but the Rules are more stringent and exacting and contain 
other limitations, restrictions or conditions of admission and the fees required 
to be paid are higher, the admission of applicant shall be governed by the same 
Rules and shall pay the same fees which would apply to an applicant from 
Oklahoma seeking admission to the bar in the applicant's former jurisdiction. 
If the applicant's actual and continuous practice for the past five of seven 
years is from a nonreciprocal jurisdiction that does not grant Oklahoma judges 
and lawyers the right of admission on motion, the professional experience from 
the former jurisdiction will not be considered, and any professional experience 
from a nonreciprocal jurisdiction cannot be combined with the professional 
experience from a reciprocal jurisdiction to meet the requisite five of seven 
years of actual and continuous practice.
Section 5. Any person who is admitted to the practice of law in a 
reciprocal state who becomes a resident of Oklahoma to accept or continue 
employment by a person, firm, association or corporation engaged in business in 
Oklahoma other than the practice of law, whose full time job is, or will 
be, devoted to the business of such employer, and who receives, or will receive, 
his or her entire compensation from such employer for applicant's legal 
services, may be granted a Special Temporary Permit to practice law in Oklahoma, 
without examination, if the applicant would be fully qualified to take the bar 
examination in Oklahoma under the rules of the Supreme Court, and so long as 
such person remains in the employ of, and devotes his or her full time to the 
business of, and receives compensation for legal services from no other source 
than applicant's said employer. Upon the termination of such employment or 
transfer outside the State of Oklahoma, the right of such person to practice law 
in Oklahoma shall terminate immediately without further action from the Bar 
Association or the Supreme Court of Oklahoma unless such person shall have 
been admitted to practice law in this state pursuant to some other rule. 
The application must comply with Section 2 of Rule Two and be accompanied by 
a certificate from the clerk of the highest appellate court of the state in 
which the applicant last practiced, showing that applicant has been admitted, 
and is a member in good standing of the bar of that state; and a certificate 
from the employer of such applicant showing applicant's employment by such 
employer and that applicant's full time employment will be by such employer in 
Oklahoma. The Special Temporary Permit shall recite that it is issued under this 
Rule, and shall briefly contain the contents thereof. Such Special Temporary 
Permit shall be subject to Rule Ten of these Rules. An attorney practicing in 
Oklahoma under a Special Temporary Permit cannot gain admission via Rule Two, 
Section 2, Admission Upon Motion, if any of the five of the seven years 
immediately preceding of actual and continuous practice experience were acquired 
in Oklahoma under a Special Temporary Permit. 
Section 6. A person who is admitted to the practice of law in another 
state, and who is employed as a law professor at an Oklahoma law school 
accredited by the American Bar Association, may be granted a Special Temporary 
Permit to practice law in Oklahoma, without examination, while such person is so 
employed and devotes his or her full time to the teaching of law in such 
employment. The practice of law under such Special Temporary Permit shall be 
limited to assisting attorneys licensed in Oklahoma participating in a law 
school clinical program as a consulting or testifying 
expert, representing clients only in a law school clinical program, or 
providing pro bono services through the law school clinical program. Upon 
the termination of such employment, the right of such person to practice law in 
Oklahoma shall terminate immediately without further action from the Bar 
Association or the Supreme Court of Oklahoma unless such person shall have 
been admitted to the practice of law in this state pursuant to some other rule. 

The applicant must comply Compliance with Section 2 of 
Rule Two is not required, but and the application must 
be accompanied by a certificate from the clerk of the highest appellate court of 
the state in which applicant last practiced showing that the applicant has been 
admitted and is a member in good standing of the bar of that state; and a 
certificate from the Dean or Registrar of that law school employing such 
applicant, showing the date of the applicant's employment, the terms of such 
employment, and the applicant's professorial rank. Such Special Temporary Permit 
shall be subject to Rule Ten of these Rules. A law professor practicing in 
Oklahoma under a Special Temporary Permit cannot later gain admission via 
Admission Upon Motion if five of the past seven years of actual and continuous 
practice experience was acquired in Oklahoma under said Special Temporary 
Permit. 
RULE THREE
Examination Compulsory
No person other than those referred to in Rule Two shall be admitted to the 
practice of law in this state except upon recommendation of the Board of Bar 
Examiners obtained after such person shall have successfully taken the 
examination in writing, or as otherwise prescribed. Only those persons 
possessing the qualifications and fulfilling the conditions hereinafter 
prescribed shall be permitted to take an examination for admission to the 
practice of law in the State of Oklahoma.
RULE FOUR
Admission By Examination
Section 1. When examination of an attorney of another jurisdiction is 
required of one who is not eligible for admission upon motion as provided in 
Rule Two hereof, such attorney may be permitted by the Board of Bar Examiners to 
take an examination prescribed in Rule Five upon meeting the requirements of 
this Rule, except that such attorney shall not be required to register as a law 
student. However, such attorney shall be required to provide at his or her own 
expense a report by the National Conference of Bar Examiners.
Section 2. No person shall be entitled to take an examination for 
admission to practice law in this state unless such person shall have been 
registered as a law student filing the verified application for registration by 
the 15th day of October of the student's second year of law school on 
forms prescribed by the Board of Bar Examiners setting forth such information as 
the Board requires including: 
(a) Certificate of graduation with a Bachelor of Arts or Science degree (with 
a minimum of 120 college hours, at least 90 hours representing resident study) 
from a college whose credit hours are transferable to the University of 
Oklahoma, Oklahoma City University or University of Tulsa with transcript 
attached of undergraduate college work;
(b) Two (2) sets of fingerprints which may be submitted to both the Oklahoma 
State Bureau of Investigation and the Federal Bureau of Investigation for 
appropriate record reviews.
(c) Recent photograph.
(d) NCBE Student Application Report for Character and Fitness at his or her 
own expense.
The Board may, in its discretion, register nunc pro tunc students who 
have been enrolled in a law school accredited by the American Bar Association 
upon compliance with all applicable rules herein.
The application provided by this section shall be valid for a period of ten 
(10) years. In the event the applicant has not activated the application within 
this ten (10) year period, the application will no longer be valid and the file 
containing the application and required information will be destroyed.
Section 3. Application to take a bar exam shall be filed at least six 
months prior to the date of examination on forms prescribed by the Board of Bar 
Examiners setting forth such information as the Board requires. Such application 
shall contain proof of law school study with a certified transcript attached and 
a certificate of the law school dean or associate dean that the applicant has 
met the requirements for graduation with a Juris Doctor degree from a law school 
in the United States of America, its territories and possessions, accredited by 
the American Bar Association. 
A person who matriculates at a law school which was accredited when applicant 
enrolled therein, and who completes the course of study and is graduated 
therefrom, shall be deemed a graduate of an accredited law school, even though 
the school's accreditation was withdrawn while the applicant was enrolled 
therein.
No applicant may be admitted by examination until he or she shall furnish 
evidence that a score satisfactory to the Board of Bar Examiners on the 
Multistate Professional Responsibility Examination has been attained.
Admission must be effected within one year after the date the applicant 
successfully completes the bar examination unless extended by the Board of Bar 
Examiners.
RULE FIVE 
Examination
All applicants for admission by examination who shall have attained a grade 
of at least 75% in the subject of Oklahoma Rules of 
Professional Conduct and who shall attain an average grade of at least 
75% on the examination given by the Board of Bar Examiners 
covering The Multistate Bar Examination (MBE) and combinations of the 
subjects hereinafter specified, and who are otherwise qualified under these 
Rules, shall be recommended by the Board of Bar Examiners for admission to the 
practice of law in this state.
Any applicant who is otherwise qualified to be recommended for admission to 
the Bar except by reason of failure to pass satisfactorily the section of the 
Oklahoma Bar Examination in concerning the Oklahoma 
Rules of Professional Conduct shall be eligible for re-examination in the 
subject Oklahoma Rules of Professional Conduct. Such re-examination shall be 
conducted by the Board at a time and place to be fixed by the Board and may be 
written or oral or both. If, upon such re-examination, the applicant receives a 
satisfactory grade in the subject Oklahoma Rules of Professional Conduct and is 
found by the Board to have continued otherwise qualified to be 
recommended for admission to the Bar, such applicant shall thereupon be so 
recommended. Any applicant who fails to receive a satisfactory grade upon such 
re-examination shall be required to reapply for permission to take a further 
examination on concerning the Oklahoma Rules of 
Professional Conduct, which may be given at the discretion of the Board.
The examination shall cover combinations of the following subjects:
1. Oklahoma Rules of Professional Conduct
2. Commercial Law, which may include:
(a) Contracts
(b) Uniform 
Commercial Code
(c) Consumer Law
(d) Creditor's rights, including 
bankruptcy
3. Property
4. Procedural Law, which may include:
(a) Pleadings
(b) Practice
(c) 
Evidence
(d) Remedies (damages, restitution and equity)
5. Criminal Law
6. Business Associations, which may include: (a) Agency
(b) 
Partnerships (including joint ventures)
(c) Corporations
(d) Limited 
Liability Companies
7. Constitutional and Administrative Law
8. Torts
9. Intestate Succession, wills, trusts, estate planning, which may include 
federal estate and gift taxation
10. Conflicts of Law
11. Family Law
There shall be held two bar examinations each year, at dates, times, places 
and duration to be prescribed by the Board of Bar Examiners.
RULE SIX
Additional Examinations
In the event of the failure of an applicant to pass any examination, such 
applicant, if otherwise qualified under these Rules, may be permitted to take 
any number of subsequent examinations upon filing an additional application with 
the Board of Bar Examiners proving continued good moral character and fitness to 
practice law. The application shall be filed by May 15 for the July examination 
and by December 15 for the February examination.
RULE SEVEN
Fees
The following non-refundable fees shall be paid to the Board of Bar 
Examiners at the time of filing of the application:
(a) Registration:
Regular . . . . . . . . . . . . $125
Nunc Pro 
Tunc . . . . . . . $500
(b) By each applicant for admission upon motion: the sum of $1,500.
(c) By each applicant for admission by examination under Rule Four, §1: 

FEBRUARY BAR EXAM
Application filed on or before: 1 September . . 
. . .$1,000
1 October . . . . . . .$1,050
1 November . . . . 
.$1,150
JULY BAR EXAM
Application filed on or before:
1 February . . . . . 
.$1,000
1 March . . . . . . . $1,050
1 April . . . . . . . .$1,150
(d) By each applicant for a Special Temporary Permit under Rule Two, §5: the 
sum of $750.
(e) By each applicant for admission by a Special Temporary Permit under Rule 
Two, §6: the sum of $100. 
(f) By each applicant for a Temporary Permit under Rule Nine: $150.
(g) By each applicant for admission by examination other than those under 
subparagraph (c) hereof:
FEBRUARY BAR EXAM
Application filed on or before:
1 September . . . 
. .$300 1 October . . . . . . $350 1 November . . . . . $450 
JULY BAR EXAM
Application filed on or before:
1 February . . . . . 
. $300 1 March . . . . . . . $350 1 April . . . . . . . . $450 
RULE EIGHT
Request For List Of Individual Grades
Any applicant who has failed the bar examination may, upon request, obtain 
from the Board of Bar Examiners a list showing the grades which were awarded on 
each essay question given in said examination and copies of applicant's 
answers to essay questions. The applicant shall pay a $75 processing fee payable 
to the Board of Bar Examiners. The written request must be made within thirty 
(30) days following the announcement of results of the examination. Applicants 
who have passed the bar examination may not obtain copies of their answers to 
the essay questions. 
RULE NINE
Temporary Permits
Temporary permits to practice law until the conclusion of the next succeeding 
bar examination and report of the results thereof may be granted upon the 
recommendation of the Board of Bar Examiners after a showing of public 
convenience and necessity and in the private sector where a case of extreme 
hardship is shown, provided the applicant has taken and passed the Multistate 
Professional Responsibility Examination. All applicants for temporary permit to 
practice law shall file with the Board of Bar Examiners an application for such 
temporary permit in addition to regular application for admission to the bar 
examination. The Board shall, as soon as practicable, report its recommendation 
on such application for temporary permit to the Supreme Court, together with a 
copy of such application.
RULE TEN
Expiration Of Temporary Permit
The temporary permit of any person who takes the bar examination shall expire 
on the date that the successful applicants at that examination are sworn in 
provided that the temporary permit of any person who fails the bar examination 
shall be revoked effective immediately upon the announcement of the results of 
such bar examination by the Administrative Director of the Board of Bar 
Examiners.
RULE ELEVEN
Hearing As To Fitness
Section 1. If the Board of Bar Examiners decides to deny an application 
to take the bar examination or to deny an application for admission to practice 
law on any ground except failure to pass the bar examination, written Notice of 
Denial shall be mailed to the applicant citing the Rule upon which the denial is 
based. The Notice of Denial must adequately inform the applicant of the nature 
of the evidence upon which the denial is based. The Notice of Denial may be 
modified by the Board prior to any hearing on the denial as long as the 
applicant has sufficient notice. Subject to the foregoing, the Notice of Denial 
places in issue all matters that may relate, directly or indirectly, to the 
applicant's eligibility to practice law in the State of Oklahoma.
Section 2. The Board of Bar Examiners shall have the power to order a 
hearing on its own motion before making a decision on any application. Written 
notice of such a hearing shall be given to the applicant. The hearing procedures 
set forth in this Rule Eleven shall apply both to hearings ordered by the Board 
and to hearings requested by an applicant.
Section 3. An applicant, who receives a Notice of Denial without a prior 
hearing before the Board of Bar Examiners, may take issue with the denial and 
request a hearing before the Board. The hearing request must be written and 
shall be delivered to the Board within twenty (20) days after the Notice of 
Denial was mailed to the applicant. Delivery to the Administrative Director of 
the Board shall be considered delivery to the Board for purposes of this Rule 
Eleven. 
Section 4. In any hearing conducted under this Rule Eleven, the applicant 
shall have the right to be represented by counsel and to present evidence. The 
Board of Bar Examiners may also be represented by counsel. At the request of the 
applicant or the Board, the Clerk of the Supreme Court of Oklahoma shall issue 
subpoenas for witnesses and subpoena duces tecum in connection with the hearing. 
At the hearing, the Board shall administer oaths and affirmations, receive the 
evidence, and decide on the application.
Section 5. The Board shall furnish a certified court reporter to record 
the proceedings at hearings under this Rule Eleven. If an applicant desires a 
transcript of the hearing, the applicant must order the transcript from the 
court reporter at the applicant's expense, and a copy must be furnished to the 
Board at the applicant's expense.
Section 6. For hearings held under this Rule Eleven, a quorum shall be 
five (5) members of the Board of Bar Examiners. The Chairperson or his or her 
designee shall preside as the hearing officer. The decision on the application 
must be made by a majority of the Board members present, excluding the 
Chairperson, who is not a voting member except in the case of a tie vote.
Section 7. The decision of the Board of Bar Examiners following a hearing 
conducted under this Rule Eleven shall be reduced to written form and mailed to 
applicant or applicant's counsel. All denial decisions shall include findings of 
fact and conclusions of law. 
Section 8. (a) An applicant whose application is denied by the Board of 
Bar Examiners following a Rule Eleven hearing, may appeal to the Supreme Court 
of Oklahoma by filing twelve (12) copies of a Notice of Appeal with the 
Clerk of the Supreme Court and one copy of a Notice of Appeal with the Board. 
The Notice of Appeal and cost bond shall be filed by the applicant with the 
Clerk of the Supreme Court within thirty (30) days after the Board's written 
decision was mailed to the applicant or his/her counsel. The Notice of Appeal 
shall set forth the basis for the appeal. Any findings of fact and conclusions 
of law issued by the Board in connection with the Rule Eleven hearing shall be 
attached to the Notice of Appeal. 
(b) At the same time the Notice of Appeal is filed, the applicant shall also 
file a good and sufficient cost bond to be approved by the Clerk of the Supreme 
Court in an amount sufficient to defray the costs of the appeal, including the 
Rule Eleven hearing transcript. 
(c) Within thirty (30) days after the court reporter has advised the 
applicant and the Board that the transcript of the Rule Eleven hearing is 
complete, the applicant must file twelve (12) copies of applicant's Brief 
in Chief in support of applicant's appeal with the Clerk of the Supreme Court 
and one copy of applicant's Brief in Chief with the Administrative Director of 
the Board. Within forty (40) days after receipt of the applicant's Brief in 
Chief the Board must file twelve (12) copies of its Answer Brief with the 
Clerk of the Supreme Court and send one copy to applicant or applicant's 
counsel. Within thirty (30) days after receipt of the Board's Answer Brief, 
the applicant may file twelve (12) copies of a Reply Brief with the Clerk 
of the Supreme Court.
(d) Once filed with the Clerk of the Supreme Court, the appeal shall be 
subject to the rules of the Supreme Court of the State of Oklahoma. 
Section 9. The burden of establishing eligibility for admission to the 
Bar of this state, to for registration as a law student, 
or to take an examination, shall rest on the applicant at all stages of the 
proceedings.
RULE TWELVE
Independent Investigation
In determining the right of any applicant to admission, the Board of Bar 
Examiners shall have the power to make such independent investigation and 
require such additional showing as it may deem proper and it shall take into 
consideration in determining the right of the applicant to admission, such facts 
as it may have ascertained in such investigation. Any member of the Board 
participating in such an investigation of an applicant shall not serve in the 
adjudicatory capacity concerning the applicant.
RULE THIRTEEN
Denial Under Rule Eleven For Failure To Demonstrate Good Moral 
Character, Due Respect For The Law, And Fitness To Practice Law -- 
Minimum Time Requirement For Reapplication
If the decision by the Board to deny an application is based, in whole or in 
part, on the failure of the applicant to demonstrate good moral character, due 
respect for the law, or fitness to practice law, the applicant may not reapply 
for admission within a period of sixty (60) months next after 
the date of mailing the initial rejection notice pursuant to Rule 11, §1, unless 
for good cause shown, a shorter time period is ordered by the Board.
RULE FOURTEEN
Confidentiality Of Records, Investigations And 
Results
The Board of Bar Examiners shall not disclose the contents of any records 
which it maintains on an applicant, including but not limited to information 
obtained by the Board in connection with investigations into the moral character 
of an applicant, and including the results of any such investigation except as 
follows:
(a) When the Board deems it necessary to disclose to a third party during the 
course of an ongoing investigation of an applicant by the Board.
(b) In response to a valid subpoena issued by a court of competent 
jurisdiction having authority under the laws of the State of Oklahoma to issue 
and enforce subpoenas.
(c) To an admission authority of a bar association, or committee thereof, 
either state or federal, of any jurisdiction which exercises disciplinary or 
investigative authority over attorneys or applicants.
(d) Pursuant to an order of the Oklahoma Supreme Court.
An applicant shall have no right to demand disclosure of complaints submitted 
to the Board or information obtained by the Board in the course of an 
investigation unless and until the applicant has received notice from the Board 
pursuant to Section 1 of Rule 11 that his/her application has been denied. In 
such event, the applicant shall be entitled to all information in his/her file, 
used or obtained by the Board, not otherwise privileged, which is relevant to 
the reasons for the denial of the application.
Reports prepared for the Board by its attorney or by an examiner or associate 
examiner are privileged and are not required to be disclosed to the applicant or 
third party without an order from the Supreme Court. The Board shall have the 
right to voluntarily disclose to the applicant any information in the 
applicant's file. 
Nothing set forth in this Rule shall prohibit the Board from refusing to turn 
over information it deems imprudent to disclose pursuant to a request under 
subparagraph (c) above or from making an objection to the disclosure of 
information pursuant to subparagraphs (b) or (d) above.
In the event the Board of Bar Examiners provides confidential information 
pursuant to the provisions of subparagraph (b), (c) or (d) above, the Board 
shall give the applicant or attorney written notice of such action prior to the 
disclosure of the information by mailing such notice to the applicant's last 
known address.
RULE FIFTEEN
All rules or regulations governing the subject matter herein covered 
previously in effect are hereby cancelled, annulled, revoked, and hereafter to 
be of no force or effect.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.